## BROWN v. BROWN.

A judgment by default being vacated and defendant permitted to answer upon payment of the expenses incurred by plaintiff in coming to court, to be assessed by the clerk, the plaintiff must establish such expenses before the defendant can pay them; and, to that end, it was ordered by this court that plaintiff should prove such disbursements before the next term of the Circuit Court, and that upon plaintiff's failure so to do, or upon their payment, the answer be allowed to come in and the cause stand for trial.

Before COTHRAN, J., Barnwell, April, 1886.

This was an action by Mary Ann Brown against James S. Brown. The appeal came to this court upon exceptions by the plaintiff to an order directing the cause to stand for trial.

*Mr. James E. Davis*, for appellant.

*Messrs. Skinner & Williams*, contra.

July 9, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, in 1885, obtained a verdict against the defendant by default, in an action to recover the value of a horse and buggy. Afterwards, at the November term of the court in 1885, the defendant, respondent, on motion set aside said verdict, and was allowed to answer, upon the payment of the actual costs of the plaintiff incurred "in coming to court to prove her case, the same to be assessed by the clerk, and that the case be docketed on the issue docket and stand for trial." The defendant answered with a general denial, without, however, having paid the costs above; and upon this ground the answer was immediately returned, plaintiff claiming that defendant had not complied with the order of Judge Pressley as to said costs. At the April term of the court in 1886, the case was found upon calendar 1, and the facts above being presented, with the statement that there had been no adjustment of the costs by the clerk, or if so, that the defendant had received no notice thereof, nor of any intention to have the same assessed, his honor, Judge Cothran, ordered the case to stand for trial, notwithstanding the costs had not been paid.

The 63d rule of the Circuit Court allows a party, where a motion of his has been granted generally, upon the payment of costs, twenty days within which to comply, but where the costs are to be adjusted, he is then allowed fifteen days only after said adjustment. Here, if the order of Judge Pressley is to be regarded as a general order, taking effect from its date, then the twenty days had elapsed without the costs being paid, and the defendant, in that view of the case, would have had no right to put

in his answer under Judge Pressley's order. But the costs required to be paid were not the costs specified in the fee bill, and of which the defendant would have been bound to take notice. On the contrary, they were special costs, to wit, as styled in the order "actual costs of the plaintiff in attending court to prove her case," and which the judge ordered should be assessed by the clerk, and which if they had been assessed, the defendant, under the 63d rule, *supra*, would have had fifteen days from the date of the assessment to pay. The clerk, however, made no assessment, and the defendant filed his answer.

We do not think that the case should have been tried without the payment of the costs ordered to be paid. Nor do we think that the defendant should lose his right to defend under the circumstances. He had no means of knowing the amount of the costs before assessment by the clerk. This assessment depended upon the plaintiff appearing before the clerk and giving the necessary information to him, inasmuch as the costs ordered to be paid were the actual expenses incurred by her, of which she alone had knowledge. We do not see how the defendant could have compelled her to appear and furnish this information. We think, under all the circumstances, it was erroneous to order the case to stand for trial without a compliance with the order of Judge Pressley, and that, therefore, the order of Judge Cothran should be vacated, with leave on the part of the plaintiff to establish her actual costs before the next term of the Circuit Court for Barnwell County, as specified in said previous order, and upon its payment by the defendant, or upon the plaintiff failing to establish the same as suggested, that the case be set down for trial, the defendant's answer being allowed to come in upon said payment or said failure of plaintiff.

It is the judgment of this court that the order of the Circuit Court be reversed, and the case be remanded under this opinion above.